Petitioner Mark Komlosi, as receiver for nonparty Melanie Fudenberg, commenced this proceeding to compel the state respondents to indemnify Fudenberg for a judgment that was rendered against her in a federal action that Komlosi, in his individual capacity, had brought pursuant to 42 USC § 1983 alleging, inter alia, malicious prosecution (see Komlosi v Fudenberg, 2000 WL 351414, 2000 US Dist LEXIS 4237 [SD NY, Mar. 31, 2000, No. 88 Civ 1792 (HBP)]). That action arose after Fudenberg falsely accused Komlosi of having sexually abused a mentally disabled resident of a facility at which both worked in 1985.
The State’s determination declining to indemnify Fudenberg is supported by a rational basis (see Matter of Pell v Board of *459 Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). The jury’s finding that Fudenberg “knew with absolute certainty” that the allegations of sexual misconduct between Komlosi and the mentally disabled resident were false rationally supports the State’s conclusions that Fudenberg was acting beyond the scope of her employment, and that she was engaged in intentional wrongdoing (see Public Officers Law § 17 [3] [a]; Dykes v McRoberts Protective Agency, 256 AD2d 2 [1998]).
Komlosi’s argument that the Attorney General is estopped from arguing that Fudenberg’s acts fell beyond the scope of her employment is unavailing. The Attorney General’s prior position was proffered during its defense of Fudenberg, and the State’s duty to defend is broader than the duty to indemnify (see Matter of LoRusso v New York State Off. of Ct. Admin., 229 AD2d 995 [1996]; see also Matter of Barkan v Roslyn Union Free School Dist., 67 AD3d 61, 67 [2009]).
Komlosi’s argument, as Fudenberg’s receiver, adopted by the dissent, that the jury’s finding in the federal action (see Komlosi v New York State Off. of Mental Retardation & Dev. Disabilities, 1990 WL 29352, 1990 US Dist LEXIS 2659 [SD NY, Mar. 12, 1990, No. 88 Civ 1792 (JFK)]) was based on an erroneously worded and expansive interrogatory, was not preserved by any party at the trial. At trial, counsel for both sides negotiated the words to be used in the verdict sheet, and neither objected when the court submitted the final interrogatory to the jury. Further, the interrogatory comported with the theory of the case of intentional conduct that Komlosi proffered at trial.
Moreover, irrespective of the jury’s finding in the federal action, the State’s determination, made pursuant to Public Officers Law § 17 (3) (a), that Fudenberg engaged in intentional wrongdoing has ample support in the record. The irrefutable fact remains that the sexual abuse charges that resulted in Komlosi’s arrest and indictment were dropped in the middle of the trial when the alleged victim, Rosenberg, revealed to the prosecutor that Fudenberg had forced him to lie about them. The dissent, however, argues that Rosenberg’s recantation is not credible because “he did not respond at all to the question of how she forced him” to lie. But the dissent cannot seriously argue that such recantation was not credible when it forced the prosecution to drop the sexual abuse charges against Komlosi. Under the circumstances, it cannot be said that the Attorney General lacked a factual basis to discredit Fudenberg’s allegations, as noted by the dissent, that she “sincerely, [but] misguidedly, believed that by leading [the alleged victims] to press what *460 she perceived as their legitimate grievances of sexual abuse[s], she was protecting them.”
We have reviewed the remaining contentions and find them unavailing. Concur — Sweeny, Renwick and DeGrasse, JJ.